```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/8/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────
JOHN FLOYD III,

                        Plaintiff,

  -against-

ANDREW M. CUOMO,

                        Defendant.
───────────────────────────────

7:21-CV-4096 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge

      Plaintiff John Floyd III ("Plaintiff") brings this *pro se* action pursuant to 42 U.S.C. § 1983 alleging violations of his Constitutional rights. (ECF No. 2.) By order dated May 7, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). (ECF No. 4.) On July 23, 2021, the Court received Plaintiff's first application for appointment of pro bono counsel. (ECF No. 15.) On July 29, 2021, the Court denied Plaintiff's application without prejudice. (ECF No. 16.) On July 30, 2021, the Court received a second substantially similar request for pro bono counsel. (ECF No. 17.) Plaintiff's request was again denied, without prejudice to renew at a later date. (ECF No. 19.) On October 7, 2021, the Court received a third substantially similar request for pro bono counsel. (ECF No. 21.)

      Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. See *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308-09 (1989). Instead, pursuant to 28 U.S.C. § 1915 (e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. See *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The Second Circuit set forth the standards governing the appointment of counsel in *pro se*

cases in Circuit set forth the standards governing the appointment of counsel in pro se cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Here, Defendant has been served and his response is not due until December 3, 2021.  At this early stage of the litigation, where no response to the Complaint has been filed and no discovery has taken place, Plaintiff has failed to demonstrate that his position is "likely to be of substance," *Hodge*, 802 F.2d at 61. Therefore, the Court denies Plaintiff's motion, without prejudice to renew at a later date.

As a reminder, to the extent that Plaintiff has trouble accessing legal resources, he is permitted to seek extensions of time from the Court.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for pro bono counsel is DENIED, without prejudice to renew at a later date. The Clerk of the Court is kindly directed to mail a copy of this Order to *pro se* Plaintiff, and show service on the docket.

Dated:   October 8, 2021
        White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge