UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/30/2021____
```

JOHN FLOYD III,

                                   Plaintiff,

        -against-                                          7:21-CV-4096 (NSR)


ANDREW M. CUOMO,                                               ORDER

                                   Defendant.

NELSON S. ROMÁN, United States District Judge

        Plaintiff John Floyd III ("Plaintiff") brings this *pro se* action pursuant to 42 U.S.C. § 1983

alleging violations of his Constitutional rights.  (ECF No. 2.)  By order dated May 7, 2021, the

Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*

("IFP").  (ECF No. 4.)  On July 23, 2021, the Court received Plaintiff's application for appointment

of pro bono counsel.  (ECF No. 15.)  On July 29, 2021, the Court denied Plaintiff's application

without prejudice.  (ECF No. 16.)  On July 30, 2021, the Court received a second substantially

similar request for pro bono counsel.  (ECF No. 17.)  Plaintiff's request was again denied, without

prejudice to renew at a later date.  (ECF No. 19.)  On October 7, 2021, the Court received a third

substantially similar request for pro bono counsel.  (ECF No. 21.)  Plaintiff's request was again

denied, without prejudice to renew at a later date.  (ECF No. 22.)  On November 29, 2021, the

Court received a fourth substantially similar request for pro bono counsel.  (ECF No. 23.)

        Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to

represent indigent *pro se* litigants in civil cases.  *See Mallard v. U.S. Dist. Court for the S. Dist. of

Iowa*, 490 U.S. 296, 308-09 (1989).  Instead, pursuant to 28 U.S.C. § 1915 (e)(1), the Court may,

at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Here, as discussed in the Court's previous Order, Defendant has been served and his response to the Complaint is not due until December 3, 2021. At this early stage of the litigation, where no response to the Complaint has been filed and no discovery has taken place, Plaintiff has failed to demonstrate that his position is "likely to be of substance," *Hodge*, 802 F.2d at 61. Therefore, the Court denies Plaintiff's motion, without prejudice to renew at a later date.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for pro bono counsel is DENIED, without prejudice to renew at a later date. The Clerk of the Court is kindly directed to mail a copy of this Order to pro se Plaintiff, and show service on the docket..

Dated:   November 30, 2021                              SO ORDERED:

         White Plains, New York

                                        _____

                                        NELSON S. ROMÁN

                                        United States District Judge