USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/8/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN FLOYD III,

                Plaintiff,

-against-

A.D.A. ELIZA FILIPOWSKI, et al.,

                Defendants.

21-cv-4096 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

*Pro se* plaintiff John Floyd III ("Plaintiff") commenced this action on or about May 5, 2021, against the Governor of the State of New York Kathy Hochul (Governor Hochul"),[1] Assistant District Attorney Eliza Filipowski of the Orange County District Attorney's Office, Police Officer Vincent Giovanniello of the Middletown Police Department, and Christopher Sevier, Esq. of the Legal Aid Society (collectively the "Defendants") asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983") seeking injunctive and declaratory relief. (ECF No. 2.) Plaintiff alleges that the issuance and enforcement of Executive Orders ("EOs") 202.60, 202.67, and 202.8[2] violated his federal constitutional Fourteenth Amendment due process rights and

---

[1] Governor Kathy Hochul was automatically substituted as Defendant in place of Governor Andrew Cuomo when she assumed the office of Governor. As Plaintiff only seeks injunctive and declaratory relief, the Governor is being sued in her official capacity. Fed. R. Civ. Pro. 25(d). Plaintiff commenced this action against A.D.A. Eliza Filipowski, attorney Christopher Sevier and officer Vincent Giovanniello but those claims have since been dismissed. (ECF No. 12.)

[2] Plaintiff cites to Executive Order 202.86, but Defendant contends that Plaintiff is likely referring to Executive Order 202.8, which tolled "any specific time limit … including … to the criminal procedure law." (ECF No. 31.) The Court has reviewed the EOs, takes judicial notice and has concluded that Plaintiff has incorrectly referenced EO 202.8 as 202.86. See *Off. Sol. Grp., LLC v. Nat'l Fire Ins. Co. of Hartford*, 544 F.Supp.3d 405, 418, (S.D.N.Y. June 11, 2021) (holding that the Court can properly take judicial notice of the Executive Orders in considering Defendant's motion as they are accessible on the State of New York's website.)

Sixth Amendment right to a speedy trial, as well as his state constitutional due process rights and right to a speedy trial. (*Id*.)

Presently pending before the Court is Defendant Governor Hochul's motion to dismiss the Complaint for lack of jurisdiction and failure to state a claim pursuant to the Federal Rules of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and (6) ("Rule 12(b)(6)"). (ECF No. 28.) For the following reasons, Defendant's motion to dismiss is GRANTED without opposition.

## BACKGROUND

### I. Procedural History

*Pro se* Plaintiff filed his Complaint and a request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP") on May 5, 2021. (ECF Nos. 1-2.) By order dated May 7, 2021, the Court granted Plaintiff's request to proceed IFP. (ECF No. 4.)[3] The vast majority of Plaintiff's allegations in his Complaint pertain to his criminal prosecution and a "conspiracy" between the Assistant District Attorney prosecuting the case, Defendant Filipowski, and Plaintiff's defense attorney, Defendant Sevier. (ECF No. 2.) By order dated July 13, 2021, the claims against Defendants Filipowski and Sevier were dismissed. (ECF No. 12.) Plaintiff's claims against Defendant Giovanniello were also dismissed with leave to replead. (*Id*.) To date, Plaintiff has not filed an amended complaint. Therefore, the only remaining claims are those asserted against Governor Kathy Hochul.

On December 3, 2021, Defendant requested a pre-motion conference to discuss a motion to dismiss Plaintiff's Complaint. (ECF No. 26.) By order dated December 7, 2021, the Court denied Defendant's request for a conference, waived the pre-motion conference requirement, and

---

[3] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C § 1915(b)(1).

granted Defendant leave to file the proposed motion. (ECF No. 27.) On February 23, 2022, Defendant filed a motion to dismiss Plaintiff's Complaint. (ECF No. 28.) *Pro se* Plaintiff did not file any opposition to the motion by the proscribed deadline of February 8, 2022, and no opposition has been filed to date. On March 11, 2022, the Court deemed the Defendant's motion to dismiss as unopposed. (ECF No. 32).

## II. Factual Allegations

The following facts are derived from the Complaint (ECF No. 2) and letters filed by the Plaintiff (ECF Nos. 5-9, 21, 23),[4] and are taken as true and construed in the light most favorable to *pro se* Plaintiff for the purposes of this motion.

Plaintiff is an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). (Compl. at 7.) Plaintiff has been incarcerated since July 22, 2020 for charges stemming from incidents that occurred on July 4, 2020 and July 7, 2020. (*Id*.) As a result of an incident that occurred on July 4, 2020, Plaintiff was charged with burglary in the 2nd degree, criminal mischief in the 4th degree, criminal trespass in the 2nd degree, criminal contempt in the 1st degree, criminal obstruction of breathing, and grand larceny in the 4th degree. (*Id*.) Plaintiff does not provide any details about the incident. On July 7, 2020, Plaintiff kicked down the front door of his ex-girlfriend's home and attacked his ex-girlfriend, Elizabeth Hochschild, and Mr. Chauncey Goodrich, who was at the residence. (*Id*. at 9.) Plaintiff was charged with burglary in the 1st degree, criminal contempt in the 1st degree, and criminal mischief in the 4th degree. (*Id*. at 7) All charges were filed on July 7, 2020, and

---

[4] The Court construes Plaintiff's letters as supplementing the complaint. "While a court generally 'may not look outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss . . . the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider Plaintiff's additional materials . . . .'" *Brown v. New York City Hous. Auth.*, No. 05-CV-10332(VM), 2006 WL 1378599, at *1 n.2 (S.D.N.Y. May 17, 2006) (quoting *Burgess v. Goord*, No. 98-CV-2077(SAS), 1999 WL 33458, at *1 (S.D.N.Y. Jan. 26, 1999))."

Plaintiff was arraigned on July 22, 2020. (*Id*. at 10-11.) Plaintiff turned himself in on July 22, 2020, and "had never formally been indicted or convicted" of any of the alleged crimes from the two July incidents. (*Id*. at 7.) Nevertheless, the prosecution related to Plaintiff's July 2020 arrest "was terminated in his favor." (ECF No. 23.) It does not appear that Plaintiff is currently detained nor incarcerated due to the July 2020 incidents.

As a result of his incarceration, Plaintiff lost his job at Wendy's, his relationship with his children has suffered, and Plaintiff owes $366 in child support. (Compl. at 5.) Furthermore, while incarcerated during the Covid-19 pandemic, Plaintiff suffered from mental anguish, emotional anguish, anxiety, and depression, for which he takes prescribed psychiatric medication.[5] (*Id.*) Plaintiff blames his suffering on the conditions of being incarcerated during the pandemic and being unable to have visits with loved ones for months. (*Id.*)

On March 7, 2020, former Governor Andrew M. Cuomo issued EO Number 202, declaring a State Disaster emergency for the entire State of New York following the onset of the Covid-19 pandemic. (*Id*. at 12.) Thereafter, Governor Cuomo issued EO 202.67, extending the State Disaster emergency through November 3, 2020. (*Id*.) Plaintiff contends EO 202.60, 202.67, and 202.8 are unconstitutional. (*Id*. at 4.) The EOs were in effect while Plaintiff faced criminal charges in Orange County, New York. (*Id*.) According to Plaintiff, EO 202.60, 202.67, and 202.8 violated his Fourteenth Amendment right to due process, Sixth Amendment right to a speedy trial, and violated his "state rights due process," state speedy trial rights (Criminal Procedure Law ("CPL") § 30.30) and rights under the "Criminal Procedure Law." (*Id*.) Plaintiff alleges that collectively the EOs denied his "right to automatic discovery" (CPL. 245.20). (*Id*.)

---

[5] Plaintiff indicated that he is prescribed RemeRon to take once a day. (ECF No. 2.)

Moreover, Plaintiff alleges that Governor Cuomo knowingly applied EO 202.67 against Plaintiff, which Plaintiff contends is unconstitutionally vague and overbroad. (*Id.*) Lastly, Plaintiff alleges that the EOs are repugnant to the Federal Supremacy Clause of the Constitution. (*Id.*)

As for relief, *pro se* Plaintiff seeks an order holding EOs 202.60, 202.67, and 202.8 unconstitutional, and injunctive relief to "restrain the ongoing criminal proceeding." (*Id.* at 5.) Plaintiff also seeks an order from the Court "to obtain written letters to Orange County Court Judge C. Brown on Indictment #2018-593 from file, where Plaintiff expresses and raises concerns of malicious prosecution and prosecutorial misconduct .…" (ECF No. 6.)

## LEGAL STANDARD

### I. Rule 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Freidus v. Barclays Bank PLC*, 734 F.3d 132, 137 (2d Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do"; rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Where a motion to dismiss is unopposed, a court should nevertheless "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000).

## II. Rule 12(b)(1)

As to a motion brought under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

"In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). "[T]he court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Zappia Middle E. const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000). Though a court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, [it] may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

## III. *Pro se* Litigants

*Pro se* litigants are not exempt from these pleading standards, but courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). *Pro se* complaints are read with a "special solitude" to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

**IV. Section 1983**

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 50 (1999)).

## DISCUSSION

**I. Mootness**

Defendant first argues that because "EOs 202.60, 202.67, and 202.8 have since been rescinded … any challenges to the Executive Orders are moot." (ECF No. 31.) Similarly, Defendant argues that "any challenge to Plaintiff's criminal proceeding is [] moot." (*Id.*)

When a case becomes moot, a district court no longer has subject matter jurisdiction*, see Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994), and courts may consider whether they have subject matter jurisdiction *sua sponte* at any stage of the litigation, *see Fed. Dep. Ins. Corp. v. Four Star Holding Co.*, 178 F.3d 97, 100 n.2 (2d Cir. 1999). For this reason, the Court begins by addressing the threshold issue of whether it continues to retain

subject matter jurisdiction, *i.e.*, whether this case has been mooted by subsequent developments in New York State's continuing temporary suspension and modification of laws relating to the disaster emergency.

Under the "case or controversy" requirement of Article III of the Constitution, "at all times, the dispute before the court must be real and live, not feigned, academic, or conjectural." *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet,* 260 F.3d 114, 118 (2d Cir. 2001). A case is moot, and therefore no longer a case or controversy for the purposes of Article III, "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks omitted).

The mere voluntary cessation of an unlawful practice by a party will usually not moot its opponent's challenge to that practice. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 609 (2001). Thus, "a defendant cannot automatically moot a case by simply ending its unlawful conduct once sued." *Already, LCC,* 568 U.S. at 91.

Furthermore, the Supreme Court has provided guidance for assessing mootness in challenges to Covid-19 restrictions. In *Roman Catholic Diocese of Brooklyn v. Cuomo*,    U.S.    , 141 S. Ct. 63 (2020) (per curiam), wherein plaintiffs moved for emergency injunctive relief against Governor Cuomo's restrictions on in-person worship services, the Supreme Court determined that the Governor's modification of the restrictions at issue had not rendered the case moot. *Id.* at 68. The Court explained that "injunctive relief is still called for because the applicants remain under a constant threat ... [of being] bar[red] ... from attending services before judicial relief can be obtained." *Id.* And more recently, in *Tandon v. Newsom*,    U.S.    , 141 S. Ct. 1294 (2021), the Supreme Court held that "even if the government withdraws or

modifies a COVID restriction in the course of litigation, that does not necessarily moot the case." *Id.* at 1297. The "two mootness principles" from these decisions derived are:

> [i] a lawsuit brought against COVID restrictions is not simply moot because the restrictions at issue have been rescinded; and [ii] if the COVID restrictions (at issue) have been rescinded in the course of litigation, the relevant inquiry is whether the plaintiff remains under a 'constant threat' of those restrictions being reintroduced in the future.

*Hopkins Hawley LLC v. Cuomo*, No. 20 Civ. 10932 (PAC), 2021 WL 1894277, at *4 (S.D.N.Y. May 11, 2021).

Here, the Court finds that Plaintiff's challenges to EOs 202.60, 202.67, and 202.8 are not moot, but any requested relief related to Plaintiff's criminal proceedings are moot. Plaintiff challenges components of EOs 202.60 and 202.8, which were based on the Governor's prior declaration of a disaster emergency. N.Y. Exec. Order 202.60 (Mar. 18, 2020); N.Y. Exec. Order 202.8 (March 20, 2020). However, EO 202.60 remained in effect until the issuance of EO 202.67, dated October 4, 2020, which lifted the toll of CPL § 30.30 speedy trial time except for felony charges entered in the five boroughs of New York. (ECF No. 2.) Plaintiff's criminal proceeding was brought outside the five boroughs of New York at the time Plaintiff filed his Complaint on May 5, 2021, and thus EO 202.60 did not apply to Plaintiff. N.Y. Exec. Order 202.67 (Oct. 4, 2020). Furthermore, on May 6, 2021, Governor Cuomo issued EO 202.106, rescinding "any and all" suspensions and modifications of the CPL presently in effect in the state. N.Y. Exec. Order 202.106 (May 6, 2021). There are a few narrow exceptions to the rescission that do not apply here. *Id*.

Relatedly, the New York legislature has curtailed the Governor's authority to issue new Covid-related directives. *See* 2021 N.Y. Sess. Laws ch. 71 §4. However, the Governor retains the ability to extend or modify existing COVID-19 restrictions so long as he or she: (i) gives five

days' notice to the state legislature and affected municipalities; and (ii) provides an opportunity for the political branches to offer feedback on her proposed directives. *Hopkins Hawley LLC*, 2021 WL 1894277, at *4 n.3 (Discussing Act of March 7, 2021, ch. 71, 2021 N.Y. Laws 5357).

Since the challenged EOs were rescinded prior to and just after Plaintiff filed his Complaint, the relevant inquiry is whether Plaintiff remains under a "constant threat" of those restrictions being reintroduced in the future. *Hopkins Hawley LLC*, 2021 WL 1894277 at *4. The exceptions set out in *Hopkins Hawley* apply here. In recent months, New York State, as well as much of the United States, has made progress towards the resumption of "normal" life, largely because of improved vaccine availability and the overall decline in COVID-19 cases and hospitalizations. However, it remains the case that "the only certainty about the future course of this pandemic is uncertainty." *Hopkins Hawley LLC*, 2021 WL 1894277, at *4. Moreover, as the district court observed in *Hopkins Hawley*, and stated above, the Governor retains the ability to extend or modify currently existing COVID-19 restrictions so long as he or she: (i) gives five days' notice to the state legislature and affected municipalities; and (ii) provides an opportunity for the political branches to offer feedback on her proposed directives. *Id.* at *4 n.3 (discussing Act of March 7, 2021, ch. 71, 2021 N.Y. Laws 5357). Given the unpredictability of the ongoing pandemic and the ensuing public health response to it, the Court finds that Plaintiff remains under a "constant threat" of re-confronting the CPL issues he alleges from the suspension.

Lastly, Plaintiff's criminal proceedings related to his claims were terminated. (ECF Nos. 23; 31-1.) Therefore, any request for injunctive relief "to restrain the ongoing criminal proceeding," (Compl. at 5) is moot because "the issues presented are no longer live." *Already, LLC,* 568 U.S. at 91.

## II. The Executive Orders are Constitutional Under *Jacobsen*

As the claims related to the EOs are not moot, the Court will now evaluate their constitutionality. *See Jones v. Cuomo*, 542 F.Supp.3d 207, 216 (S.D.N.Y. 2021). In order to assert a plausible claim, Plaintiff must allege that the EOs' suspensions to the CPL bore "no real or substantial relation" to the public health or was "a plain, palpable invasion of rights secured by the fundamental law" in order for the EOs to be held unconstitutional. *See Jacobsen v. Massachusetts*, 197 U.S. 11, 31 (1905). Under *Jacobsen*, states and local authorities are granted substantial deference in enacting measures "to prevent the spread of contagious diseases" during public health crises. 197 U.S. at 35. While *Jacobson* "predated the modern constitutional jurisprudence of tiers of scrutiny," *Agudath Israel of Am. v. Cuomo*, 983 F.3d 620, 635 (2d Cir. 2020), it has been likened to rational basis review, *see Roman Catholic Diocese*, __U.S. __, 141 S. Ct. at 70 (Gorsuch, J., concurring).

Here, Plaintiff has not sufficiently alleged nor demonstrated that the EOs bore "no real or substantial relation" to the public health. Instead, Plaintiff would like the Court to find the EOs unconstitutional for, amongst other things, "vagueness and overbroad[.]" (Compl. at 4.) Courts have recognized that, in this pandemic, "there is room for significant disagreement about the wisdom and efficacy of the Governor's protective measures[,]" particularly given the medical and scientific uncertainty inherent to any COVID-19 public health measure. *See Jones* 542 F. Supp. 3d at 219 (quoting *Columbus Ale House, Inc. v. Cuomo*, 495 F. Supp. 3d 88, 93 (E.D.N.Y. 2020). Nonetheless, "it is not the role of the courts to second-guess the Governor's approach." *Id.*; *see also Our Wicked Lady LLC v. Cuomo*, No. 21cv0165, 2021 WL 915033, at *4 (S.D.N.Y. 2021) ("The setting of the appropriate limits for the City is not up to the plaintiffs or a court     it is up to the duly elected representatives of citizens."). Furthermore, through failing to oppose

Defendant's motion, Plaintiff has not demonstrated that the EOs are "beyond all question, a plain, palpable invasion of rights secured by fundamental law." *Jacobson*, 197 U.S. at 31.

Accordingly, the Court holds that Plaintiff has failed to assert sufficient facts or demonstrate that the EOs are unconstitutional.

### III. Eleventh Amendment

Defendant asserts that the Eleventh Amendment bars Plaintiff's claims of "state rights violation (due process)" and "violation of criminal procedure law." (ECF No. 31.)

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. "Although the Amendment, by its terms, bars only federal suits against state governments by citizens of another state or foreign country, it has been interpreted also to bar federal suits against state governments by a state's own citizens …." *Woods v. Rondout Valley Cent. Sch. Dist.*, 466 F.3d 232, 236 (2d Cir. 2006) (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)). Thus, the Eleventh Amendment bars suit in federal court against a state or its agencies absent consent to such a suit or an express obrogration by Congress of "the constitutionally guaranteed immunity of the several States." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) (quoting *Quern v. Jordan*, 440 U.S. 332, 342 (1979)).

A claim that is barred by a state's sovereign immunity must be dismissed pursuant to the Eleventh Amendment for lack of subject matter jurisdiction. *See Va. Office for prot. & Advocacy v. Stewart*, 563 U.S. 247, 252 (2011) (noting that "the Eleventh Amendment … confirm[s] the structural understanding that States entered the Union with their sovereign immunity intact,

unlimited by Article III's jurisdictional grants"); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) ("For over a century [the Supreme Court has] reaffirmed that federal jurisdiction over suits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States.'") (quoting *Hans*, 134 U.S. at 15).

Congress did not abrogate the States' sovereign immunity when it enacted Section 1983, and New York has not waived its immunity. *See Mamot v. Bd. of Regents*, 367 F. App'x 191, 102 (2d Cir. 2010) ("It is well-established that New York has not consented to § 1983 suits in federal court, and that § 1983 was not intended to override a state's sovereign immunity.") (internal citations omitted). Furthermore, "suits against state officials in their official capacity seeking damages are routinely dismissed on immunity grounds." *Walker v. NYS Justice Center for Protection of People with Special Needs*, 493 F. Supp. 3d 239, 247 (S.D.N.Y 2020) (citing *Nguyen v. Milliken*, 104 F. Supp. 3d 224, 229 (E.D.N.Y. 2015)).

There is, however, a limited exception to their Eleventh Amendment immunity. Under the doctrine of *Ex Parte Young*, state employees may be sued in their official capacities in federal court where the "complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *See Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 56 (2011) (quoting *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) and citing *Ex Parte Young*, 209 U.S. 123 (1908)); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Mary Jo C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 152 (2d Cir. 2013), *cert. dismissed*, 569 U.S. 1040 (2013); *KM Enterprises, Inc. v. McDonald*, 518 F. App'x 12, 13 (2d Cir. 2013). But *Ex Parte Young* does not allow a federal court "to issue an injunction for a

violation of state law." *Kelly v. N.Y. Civil Serv. Comm'n*, 632 F. App'x 17, 18 (2d Cir. 2016) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984)).

Here, a portion of Plaintiff's claims are brought under Section 1983 for "state rights violation (due process)" and "violation of criminal procedure law" against the Governor in her official capacity. (ECF No. 2.) Accordingly, Plaintiff's claims are barred under the Eleventh Amendment. *Davis v. New York*, 316 F.3d 93, 101-02 (2d Cir. 2002).

Furthermore, Plaintiff failed to allege how he would be subject to the EOs in the future. In fact, the EOs have already been rescinded. N.Y. Exec. Order 202.67 (Oct. 4, 2020); N.Y. Exec. Order 202.106 (May 6, 2021). Plaintiff's alleged injuries stem only from past conduct and Plaintiff has not pled an ongoing violation of federal law, therefore the *Ex Parte Young* doctrine exception is inapplicable to Plaintiff's claims. *Aiken v. Nixon*, 80 F. App'x 146 (2d Cir. 2003) (summary order); *Li v. Lorenzo*, 712 F. App'x 21, 23 (2d Cir. 2017). Continuing, any state rights claim Plaintiff poses in his Complaint is barred from consideration of this court. *Kelly*, 632 F. App'x at 18. Accordingly, the Court does not have jurisdiction to hear Plaintiff's claims concerning the alleged "state rights violation (due process)" and the related "violation of criminal procedure law." *Seminole Tribe of Fla.*, 517 U.S. at 54-55.

### IV. State Law Claims

Construing the Complaint liberally, Plaintiff appears to bring claims for violations of due process and CPL under the state constitution and laws. Because the Court has granted Defendant's motion as to Plaintiff's federal claims, the Court declines to extend its supplemental jurisdiction over any remaining claims that Plaintiff asserts under state law. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . ."); *see*

*also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine judicial economy, convenience, fairness, and comity will point toward declining to exercise jurisdiction over the remaining state-law claims").

Accordingly, Plaintiff's state law claims are dismissed without prejudice.

### V.     Leave to Amend

As a final matter, although *pro se* plaintiffs are generally given leave to amend a deficient complaint, *see Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 96 (2d Cir. 1999), a district court may deny leave to amend when amendment would be futile because the problem with the claim "is substantive [and] better pleading will not cure it," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Milanese v. Rust Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) ("Leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice, or futility.") While courts should be more lenient when considering a *pro se* party's motion to amend than when considering that of a represented party, *see In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008), leave to amend is properly denied where all indications are that the *pro se* plaintiff will be unable to state a valid claim, *see Valle v. Police Dep't Cnty. of Suffolk Cent. Records*, No. 10 CV 2847, 2010 WL 3958432, at *2 (E.D.N.Y. 2010).

The Court finds that to be the case here. For the reasons articulated above, the Court concludes that Plaintiff's federal claims may not be sufficiently amended in such a manner which would survive scrutiny under Rule 12(b). Therefore, it would be futile to grant him leave to replead.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiff's federal claims are dismissed with prejudice, and, to the extent Plaintiff has attempted to plead state claims, such claims are dismissed without prejudice. The Clerk of the Court is respectfully directed to mail a copy of this order to *pro se* Plaintiff, show service on the docket, terminate the motion at ECF No. 28, and to terminate the action.

Dated: July 8, 2022
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge